FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. Sec. 1983

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
__PINEBLUFF__ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 17 2003
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

JOHN R. BUTCHER

ADC # 96352

(Enter above the full name of the plaintiff, or plaintiffs, in this action.)

V.                                  CASE NO. 5-03-CV-00130HLJ

DR. OLUMOFIN, DR. DIAB, MS. WILLIS, LARRY NORRIS, MICHEAL PFIEFFER
GRANT HARRIS, JERRI GASSAWAY, MS. JOHNSON, CAPT. MOORE
SGT. BARBARA SMITH, SGT. GUMM, MAJOR HURST, MAX MOBLEY, MS BEARDON

(Enter above the full name of defendant or defendants, in this action.)

I.    Previous Lawsuits

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes _____   No __XXX__

   B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.   Parties to this lawsuit

             Plaintiffs: _____

             _____

             Defendants: _____

             _____

        2.   Court (lf federal court, name the district; if state court, name the county: _____

             _____

-1-



3. Docket Number:

4. Name of Judge to whom case was assigned:

5. Disposition (for example: Was the case dismissed? was it appealed? Is it still pending?):

6. Approximate date of filing lawsuit:

7. Approximate date of disposition:

II. Place of present Confinement:

III. There is a prisoner grievance procedure in the Arkansas Department of Correction. **Failure to complete the grievance procedure may affect your case in federal court.**

    A. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

    Yes **XXX**   No

    B. If your answer is YES, Attach copies evidencing completion of **the final step of the grievance appeal** procedure. FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT **IN THE DISMISSAL OF YOUR COMPLAINT.**

    C. If your answer is NO, explain why not: I HAVE APPEALED ALL THE BELOW STATED ISSUES TO THE (ADC) GRIEVANCE A.R.O. AND THEY HAVE REFUSED TO RESPOND OTHER THAN THE RESPONSES THAT ARE ATTACHED TO THIS PLEADING.

IV. Parties
(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of plaintiff: JOHN R. BUTCHER

       Address: 7206 WEST 7th STREET
                PINEBLUFF, ARKANSAS 71603

    Name of plaintiff:

    Address:

    Name of plaintiff:

    Address:

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: DR. OLABODE OLUMOFIN

Position : DOCTOR FOR (CMS) AT JEFFERSON REG. UNIT

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: DR. DIAB

Position : DOCTOR FOR (CMS) AT JEFFERSON REG. UNIT

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, ar. 71603


Defendant: MS. WILLIS

Position : INFIRMARY MANAGER FOR (CMS) AT JEFFERSON UNIT

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: LARRY NORRIS

Position : DIRECTOR OF THE (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: P.O. BOX 8707, PINEBLUFF, AR. 71603

Defendant: GRANT HARRIS

Position : WARDEN AT THE JEFFERSON REGIONAL UNIT

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF. AR. 71603

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: JERRI GASSAWAY

Position : ASSISTANT WARDEN AT THE JEFFERSON REGIONAL

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: MS. JOHNSON

Position : A.R.O. GRIEVANCE OFFICER & LAW LIBRARY SUPV.

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: CAPTAIN MOORE

Position : CAPTAIN OF SECURITY JEFFERSON REG. UNIT (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET


Defendant: SGT. BARBARA SMITH

Position : SARGENT AT JEFFERSON REGIONAL UNIT (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603

Defendant: SGT. GUMM

Position : SARGENT AT THE JEFFERSO REG. UNIT (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

Defendant: MAJOR HURST

Position : MAJOR AT THE JEFFERSON REGIONA UNIT (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: MAX MOBLEY

Position : ASSISTANT DEPUTY DIRECTOR (ADC)

Place of employment: ARKANSAS DEPARTMENT OF CORRECTIONS

Address: P.O.BOX 8707, PINEBLUFF, AR. 71603


Defendant: BRENDA BEARDON

Position : MEDICAL ADMIN. OF JEFFERSON UNIT INFIRMARY

Place of employment: CORRECTIONAL MEDICAL SERVICES

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603


Defendant: MICHEAL PFIEFFER

Position : HEAD ADMINISTRATOR FOR (CMS)

Place of employment: CORRECTIONAL MEDICAL SERVICES

Address: 7206 WEST 7th STREET, PINEBLUFF, AR. 71603

Defendant:

Position :

Place of employment:

Address:

V. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.) THE PLAINTIFF IS FILING THIS ACTION FOR VIOLATIONS OF HIS EQUAL PROTECTION RIGHT"S UNDER THE LAW, DISCRIMINATION AND RETALIATION FOR LEGAL ACTIVITIES AND THE USAGE OF THE GRIEVANCE PROCEDURES. DENIAL OF ACCESS TO MEDICAL TREATMENT, PROPER MEDICAL PROFFESSIONAL AND ALSO NOT FOLLOWING A DOCTORS" ORDERS AFTER A SPECIAL NEEDS ORDER AND/OR SCRIPT WAS GIVEN. DENIAL OF PROPER LEGAL MATERIALS, AS WELL AS RETALIATION AND HARRASSMENT FOR LEGAL ACTIVITIES.(PER) FILING FALSE AND TRUMPED UP DISCIPLINARY ACTIONS AND ALLOWING THE PLAINTIFF TO BE BUSTED WHEN HE WAS CLEARLY (NOT GUILTY) AND ALSO THE VIOLATIONS OF ADMINISTRATION REGULATIONS 831, 835, 225 AND ADMINISTRATIVE DIRECTIVE 97-08. THE PLAINTIFF SETS THE FACTS OUT MORE CLEARLY IN HIS STATEMENT OF FACTS. (SEE ATTACHED)

VI. Relief

State briefly exactly what **YOU want the court to do for** YOU. Make **no legal arguments. Cite no cases or statutes**.

I WANT THE HARRASSMENT STOPPED, MY CLASS RESTORED, MY ORTHOPEDIC/SOFT SOLE/ADJUSTABLE SHOWER SHOES RETURNED AND/OR REPLACED, REIMBURSEMENT MORE FILING FEES, AND SHOWER SHOES (IF) DESTROYED. PROPER LEGAL MATERIALS TO BE PROVIDED TO (ALL) INMATES, AS WELL AS PUNITIVE, COMPENSITORY AND ACTUAL DAMAGES IN THE SUM OF ONE (1) MILLION DOLLARS.

I declare under penalty of perjury (18 U. S. C. § 1621 that the foregoing is true and correct.

Executed on this _____ day of_____,20___.

_____
_____
Signature(s) of plaintiff(s)

-4-

## STATEMENT OF FACTS
## CONCERNING 1983 CIVIL COMPLAINT

I WAS SENT TO THE ARKANSAS DEPARTMENT OF CORRECTIONS THROUGH THE DERMOTT PAROLE VIOLATORS PROGRAM. WHEN I WAS BEING BOOKED IN AT THE UNIT THEY ALLOWED ME TO KEEP A PAIR OF ORTHOPEDIC/ SOFT SOLE/ SHOWER SHOES BECAUSE THE (CMS) AND (ADC) DID NOT WANT TO BUY ME ANY AND I WAS AN INDIGENT INMATE WITH MEDICAL NEEDS FOR SHOWER SHOES. I HAVE SEVERE FUNGAL INFECTION (ATHLETES FOOT) MY FEET AND HANDS SWELL SEVERELY BECAUSE OF GOUT AND FORMS OF ATHRITIS, SO MAJOR HARRIS AND DR. SCOTT ALLOWED ME TO KEEP MY SHOWER SHOES AT THE DELTA REGIONAL UNIT.

I WAS SENT TO THE JEFFERSON REGIONAL UNIT ON SEPTEMBER 15th, 2003, AND SGT. GUMM TOOK THOSE SAME SHOWER SHOES STATING THEY WERE CONTRABAND BECAUSE THEY HAD A NIKE LOGO ON THEM. SHE STATED I COULD NOT KEEP THEM UNLESS I HAD A SCRIPT FROM THE DOCTOR. I WENT TO SEE DR. OLABODE OLUMOFIN WHO GAVE ME A SCRIPT WHICH WAS DATED: SEPTEMBER 16th, 2003 AND STATED: (SPECIAL NEEDS ORDER) INMATE JOHN R. BUTCHER CAN KEEP SHOWER SHOES DURING SHOWER AND WHEN FEET ARE SWOLLEN DUE TO MEDICAL REASONS.

WHILE I WAS IN THE DOCTOR"S OFFICE HE STATED THAT THE ONLY REASON HE WAS GIVING ME A SCRIPT WAS BECAUSE OF MY FEET SWELLING SO BAD THAT I COULD NOT ALWAYS WEAR THE SAME SIZE SHOE AND HE ALSO CALLED THE CAPTAIN OF THE SHIFT, CAPT. MOORE INTO HIS OFFICE AND ASKED HIM IF THE (ADC) PROVIDED INDIGENT INMATES WITH SHOWER SHOES. THE CAPT. SAID "NO"!!! THE DOCTOR STATED: HE COULD NOT HAVE ME TAKING SHOWERS WITHOUT SHOWER SHOES AND THEREFORE WROTE ME THE ABOVE STATED SPECIAL NEEDS SCRIPT SO MS. GUMM WOULD RETURN MY ORTHOPEDIC/ SOFT SOLE/ SHOWER SHOES.

I WENT TO CAPT. MOORE WITH THE SCRIPT AND HE WAS GOING TO RETURN MY SHOWER SHOES (YET) MS. GUMM THROUGH A FIT SAYING THOSE SHOES WERE AGAINST POLICY. THE CAPTAIN THEN STATED FOR ME TO STAND ON THE WALL AND HE WOULD GO TALK TO THE MAJOR, MR. HURST AND SEE WHAT HE HAD TO SAY ABOUT THE INCIDENT. THE MAJOR SENT OFFICER EDWARDS (PROPERTY OFFICER) DOWN THE HALL TO GET THE SHOWER SHOES AND THEN HE CAME TO ME AND ASKED ME TO GIVE HIM MY COPY OF THE SCRIPT INWHICH THE (CMS) DOCTOR HAD GIVEN ME. I ASKED OFFICER EDWARDS WHY? AND HE STATED THE MAJOR WANTED TO SEE IT. LATER ON OFFICER EDWARDS CAME DOWN THE HALL WITH THE SHOES AND MS. GUMM ASKED? " ARE THEY GOING TO GIVE HIS SHOES BACK? AND OFFICER EDWARDS STATED: "NO" AND THE MAJOR ALSO GOT HIS SCRIPT TOO!!!

I WENT TO THE INFIRMARY AND ASKED (IF) I COULD HAVE ANOTHER COPY OF MY SCRIPT AND THE DOCTOR GAVE IT TO ME, AND STATED (IF) THE (ADC) DID NOT GIVE BACK MY ORTHOPEDIC/ SOFT SOLE/ SHOWER SHOES THAT THE INFIRMARY WOULD GET ME A PAIR. HE ASKED WHAT SIZE SHOWER WERE THE ONES THEY TOOK AND I SAID I THINK (11) BUT THEY WERE ADJUSTABLE AND THAT WAY WHEN MY FEET SWOLE I COULD LOOSEN THEM OR TIGHTEN THEM UP WHEN THE SWELLING WENT DOWN. THE DOCTOR THEN WROTE SIZE (11) ON MY SCRIPT.

THE MAJOR STATED FOR THE CAPT. TO TELL ME TO GO TO MY BARRACKS AND HE WOULD GET WITH THE INFIRMARY MANAGER AND SEE ABOUT MY SHOES. HE STATED THAT HE HAD A PROBLEM WITH ME HAVING THOSE SHOWER SHOES. I ASKED HIM WHY? AND HE STATED: BECAUSE THEY ARE FREEWORLD SHOES AND THEY HAVE A NIKE LOGO ON THEM WHICH IS CONTRABAND. I SAID MAJOR HOW COULD THEY BE CONTRABAND WHEN SOME 50 TO 60 INMATES ARE WEARING NIKE SHOES WITH A NIKE LOGO BOUGHT FROM THE UNIT PEN STORE AND OTHER INMATES (EVEN) ONE WHO CAME IN THE UNIT WITH ME, WHO HAD (FREEWORLD) NIKE TENNIS SHOES, BUT HE WAS ALLOWED TO KEEP HIS SIMPLY BECAUSE HE HAD A SCRIPT.

I"VE WRITTEN SEVERAL GRIEVANCES CONCERNING THIS ISSUE TO THE INMATE GRIEVANCE PROCEDURE AND THE WARDEN RETURNED MY GRIEVANCE STATING I WOULD HEAR FROM THE INFIRMARY (YET) TO DATE I"VE RECIEVED "NO" RESPONSE. AFTER THE ALLOTTED TIME I SENT AN APPEAL TO MR. MAX MOBLEY AND DIRECTOR LARRY NORRIS (YET) STILL I"VE RECIEVED "NO" RESPONSE.

I WROTE SEVERAL REQUEST FOR INTERVEIWS TO THE WARDEN, ASST WARDEN, INFIRMARY SUPV. AND MAJOR HURST WITH STILL "NO" REPLY. LATER ON I TALKED TO ONE OF THE NURSES WHO STATED PUT IN A REQUEST TO THE INFIRMARY SUPERVISOR AND SHE WILL GET AROUND TO ANSWERING EITHER MY GRIEVANCE OR MY REQUEST SOONER OR LATER, BUT SHE WAS A BUSY WOMAN.

ON SUNDAY, SEPTEMBER 21st, 2003, AT 7:00 P.M. I WAS CALLED OUT OF THE BARRACKS BY MS. GUMM. ME AND FOUR OTHER INMATES WERE REQUIRED TO WORK FROM 7:00 P.M. TO APPROXIMATELY 2:00 A.M. IN THE MORNING CLEANING SHOWERS AND ECT... AT APPROXIMATELY 5:15 A.M. IN THE MORNING I TOOK MY PSYCHOTROPHIC MEDICATIONS SEROQUEL 500mg and ZOLOFT 50mg AND I WENT TO SLEEP BECAUSE I WAS SEVERELY DROWSY BECAUSE OF WORKING AND TAKING MY MEDS.

AT APPROXIMATELY 6:15 A.M. SGT. SMITH CAME INTO MY BARRACKS AND CALLED ME OUT TO WORK. I TOLD HER THAT I HAD WORKED THE NIGHT BEFORE UNTIL EARLY IN THE MORNING AND THAT I HAD TAKEN MY MEDICATION THAT I COULD NOT STAY AWAKE (MUCHLESS) WORK AND SHE STATED: "SHE DIDN"T WANT TO HEAR MY SOB STORIES.

I THEN TOLD SGT. SMITH THAT IT WAS HER JOB TO CHECK WITH THE INFIRMARY ABOUT MY MEDS AND ALSO (IF) I HAD WORKED THE NIGHT BEFORE. SHE STATED: "THAT WAS NOT HER JOB, THAT HER JOB WAS TO SEE THAT WE DID OUR JOB. I WENT OVER TO THE JAIL SIDE AND WAS WORKING (YET) SHE STATED I WAS NOT WORKING FAST ENOUGH AND TOLD ME TO CATCH THE CUFFS. I WAS WRITTEN A DISCIPLINARY ACTION. I CALLED MS. GUMM, LT. ON THAT SHIFT, THE INFIRMARY AND THE PSYCHIATRIST & DOCTOR WHO PUT ME ON THE PSYCHOTROPHIC MEDICATIONS TO SHOW THAT I DID INDEED TAKE PSYCHOTROPHIC MEDICATIONS AND I DEED INDEED WORK THE NIGHT BEFORE.

YET, WHEN I WENT TO DISCIPLINARY COURT I WAS FOUND GUILTY AND BUSTED TO CLASS III. I THEN TALKED TO ASST. WARDEN MS. GASSAWAY AND SHE STATED: "MAKE SURE YOU APPEAL IT AND SEND IT TO ME!!" I ALSO TALKED TO HER ABOUT THE SHOWER SHOES AND SHE STATED: "SHE WOULD LOOK INTO IT" SHE ALSO ASKED (IF) I HAD WRITTEN A GRIEVANCE ON THE ISSUE CONCERNING THE SHOWER SHOES AND I STATED: "YES!!!" SHE SAID: "SHE WOULD TALK TO A FEW PEOPLE IN THE INFIRMARY AND GET HACK TO ME (YET) SHE WAS TOLD THEY WERE NOT SHOWER SHOES. I SAID: "MS. GASSAWAY, I"M AN INDIGENT INMATE AND I HAVE "NO" MONEY TO BUY SHOWER SHOES, THOSE SHOWER SHOES ARE ADJUSTABLE SO I CAN ADJUST THEM WHEN MY FEET SWELL OR I CAN RE-ADJUST THEM WHEN THE SWELLING IN MY FEET GOES DOWN. I TOLD HER I WAS HAVING TO TAKE A SHOWER WITHOUT ANY SHOWER SHOES AND THAT THE FLOORS WERE NASTY, THAT I ALREADY HAD A SEVERE CASE OF FUNGAL INFECTION OF THE HANDS AND FEET AND I NEEDED THOSE SHOES. SHE STATED: "LET ME CHECK WITH THE INFIRMARY AND SEND ME YOUR DISCIPLINARY APPEAL.

I SENT MS. GASSAWAY MY DISCIPLINARY APPEAL AND SHE RETURNED IT TO ME STATING: "I WIIL NOT ACCEPT TYPED CORRESPONDENCE FROM YOU. THIS IS MISUSE OF THE LAW LIBRARY TYPEWRITERS AND WILL NOT BE ACCEPTED. IF THIS ACTION PERSIST ON YOUR PART, DISCIPLINARY ACTION WILL BE TAKEN. YOUR MAJOR DISCIPLINARY APPEAL FORM MUST BE HAND WRITTEN.

I WAS LATER SENT MY APPEAL BACK AND IT WAS (AFFIRMED) BY WARDEN GRANT HARRIS. HE SIMPLY STATED I WAS GIVEN A FAIR HEARING AND FOUND GUILTY, AFFIRMED!!! I THEN APPEALED TO THE DISCIPLINARY HEARING ADMINISTRATOR AND TO THIS DATE HAVE NOT RECEIVED ANY RESPONSE TOWARD THIS DISCIPLINARY ACTION. TWO (2) DAYS AFTER I SENT IN MY APPEAL, MS. GUMM BROUGHT A GRIEVANCE THAT I WROTE THE NIGHT I WAS REQUIRED TO WORK AND THEN BEING REQUIRED TO WORK THE NEXT MORNING AS WELL AND SHE SAID: WHAT THE HELL DO I HAVE TO DO WITH YOU WORKING AND I TOLD HER ABOUT THE DISCIPLINARY ACTION. SHE SAID NO ONE HAD CONTACTED HER ABOUT THE DISCIPLINARY, BUT THEY GAVE ME YOUR GRIEVANCE AND IT SAYS I"M MAKING YOU WORK AS RETALIATION FOR GOING OVER MY HEAD ABOUT THE SHOWER SHOES AND SHE LAUGHED AND SAID: "MAYBE SO", AND SHE WAVED MY GRIEVANCE AT ME AND SAID: BYE!!!

THIS 1983 CIVIL COMPLAINT IS BECAUSE THE (ADC) AND (CMS) HAVE VIOLATED MY EQUAL PROTECTION AND DUE PROCESS RIGHT"S. THEY"VE TREATED ME DIFFERENT THAN OTHER INMATES, VIOLATED THEIR OWN POLICIES OF ADMINISTRATIVE REGULATIONS 831, DISCIPLINARY PROCEDURES, 835 GRIEVANCE PROCEDURES AND 225 OFFICERS CONDUCT STANDARDS. THE PLAINTIFF STATES THE (CMS) AND (ADC) OFFICIALS HAVE TREATED THE PLAINTIFF DIFFERENTLY FROM OTHER INMATES BECAUSE THE PLAINTIFF SIMPLY HAD A PAIR OF ORTHOPEDIC/ SOFT SOLE/ SHOWER SHOES INWHICH HAD A NIKE SYMBOL. OTHER INMATES ARE ALLOWED TO KEEP THEIR FREEWORLD NIKE"S WITH A SCRIPT AND ALSO ABLE TO BUY NIKE SHOES ON THE STORE (YET) THE PLAINTIFF HAS A LEGIT (SPECIAL NEEDS ORDER) AND SCRIPT FOR HIS SHOWER SHOES AND THEY TAKE HIS SHOES, BUT ALLOW OTHER INMATES TO KEEP THEIRS.

THE DEFENDANTS SGT GUMM, DR. OLABODE OLUMOFIN, MAJOR HURST, LORRETTA WILLIS, AND CAPTAIN MOORE WERE DIRECTLY INVOLVED. THE WARDEN, GRANT HARRIS, LARRY NORRIS AND MAX MOBLEY WERE ALL MADE AWARE OF THE VIOLATIONS MENTIONED IN THIS COMPLAINT THROUGH GRIEVANCES, DISCIPLINARY APPEALS, REQUEST FOR INTERVEIWS AND LETTERS. ASST. WARDEN JERRI GASSAWAY WAS SENT SEVERAL REQUEST FOR INTERVEIWS, LETTERS AND I TALKED TO HER IN PERSON. SHE SAID THAT SHE WOULD SEE WHAT SHE COULD DO (YET) NOTHING HAS BEEN DONE.

ON OCTOBER 15th, 2003, SGT. EDWARDS CALLED ME TO HIS OFFICE AND ASKED ME WHAT I WANTED TO DO WITH MY SHOWER SHOES. I ASKED HIM THEN ABOUT HOW THEY COULD MAKE ME SEND MY STUFF HOME AND I WAS SUPPOSED TO HAVE FOURTY-FIVE (45) DAYS TO SEND IT HOME AND THEY ARE SUPPOSE TO RESPOND TO ME IN LESS THAN A MONTH. HE SAID: WELL, LOOKS LIKE SOMEONE ISN"T DOING THEIR JOB, BUT I"M DOING MINE."

THEN I DECIDE TO FILE THIS CIVIL ACTION AND I PUT IN A REQUEST FOR LEGAL MATERIALS FROM MS. JOHNSON. I EXPLAINED TO HER THAT I WAS NEEDING SOME MORE SUPPLIES BECAUSE I WAS FILING A 1983 AND SHE TOLD ME TO PUT IN AN ORDER AND SHE WOULD APPROVE IT. I SENT IN TWO (2) DIFFERENT REQUEST IN A THREE (3) WEEK PRIOD AND THEN THE LAW LIBRARY CLERK, INMATE STUART STATED I HAD TO PUT IN A REQUEST TO MS. JOHNSON IN ORDER TO GET MY STUFF FILLED. THIS ACTION IS DENYING ME ACCESS TO |THE PROPER LEGAL MATERIALS, (|iEQUIRED BY THE COURT) AND THEY ARE USING THIS TREATMENT TO REGULATE LEGAL ACTIVITIES AGAINST THEM. THE DEFENDANTS NOW ARE RETALIATING AGAINST THE PLAINTIFF IN THE LAW LIBRARY, AS WELL AS OTHER ASPECTS OF HIS EVERY DAY LIFE. THESE ACTIONS ARE CLEARLY IN VIOLATION OF A.R. 225 CONDUCT STANDARD AND THE GRIEVANCE PROCEDURES WHICH STATE "NO" OFFICER WILL RETALIATE AGAINST AN INMATE FOR THE USE OF THE INMATE GRIEVANCE PROCEDURE. (ALSO) THE UNIT OFFICIALS HAVE VIOLATED THE GRIEVANCE PROCEDURE BY GIVING SGT. GUMM THE GRIEVANCE WRITTEN ABOUT HER

THE PLAINTIFF CONTENDS THE DEFENDANTS HAVE VIOLATED HIS RIGHT"S UNDER THE EQUAL PROTECTION ACT. THE PLAINTIFF IS BEING DISCRIMINATED AGAINST BECAUSE OF HIS PAST LEGAL ACTIVITIES AGAINST THE JEFFERSON REGIONAL UNIT. HE CONTENDS 50 TO 60 INMATES AT THIS UNIT ARE ALLOWED TO KEEP THEIR NIKE LOGO TENNIS SHOES AND ALSO ALLOWED TO PURCHASE NIKE TENNIS SHOE"S FROM THE UNIT PEN STORE. THE PLAINTIFF FURTHER CONTENDS OTHER INMATE WITH FREEWORLD NIKE TENNIS SHOES ARE ALLOWED TO KEEP THEIR TENNIS SHOES WITH A SCRIPT FROM THE UNIT DOCTOR. YET, THE PLAINTIFF HAS A (SPECIAL NEEDS ORDER & SCRIPT) AND IS BEING DISCRIMINATED AGAINST SIMPLY BECAUSE OF PAST LEGAL ACTIVITIES AGAINST THE JEFFERSON REGIONAL UNIT. THIS TYPE OF TREATMENT IS CLEARLY RETALIATION AGAINST AN INMATE FOR LEGAL ACTIVITIES.

THIS UNIT HAS VIOLATED THEIR OWN POLICIES BEING A.R. 225, A.R. 831, A.R. 835 AND A.D. 97-08. THEY"VE CLEARLY RETALIATED AGAINST THE PLAINTIFF FOR THE PLAINTIFF"S USAGE OF THE UNIT GRIEVANCE PROCEDURE & PAST LEGAL ACTIVITIES. THEY"VE ALSO VIOLATED THEIR OWN POLICY BY GIVING THE OFFICER (MS. GUMM) A GRIEVANCE INWHICH THE INMATE/PLAINTIFF (JOHN R. BUTCHER) WROTE CONCERNING THE OFFICER. THE OFFICER THEN BRINGS THE GRIEVANCE TO THE INMATE AND STATES WHAT DOES THIS HAVE TO DO WITH ME AND THEN THE OFFICER CLEARLY ADMITS SHE RETALIATED AGAINST THE PLAINTIFF.

THE PLAINTIFF IS CLEARLY BEING TREATED DIFFERENTLY THAN OTHER INMATES SIMILARLY SITUATED AND HAS PROOF IN THE FORM OF NOTARIZED STATEMENTS FROM OTHER INMATES. **(SEE ATTACHED INMATES STATEMENTS)** THESE STATEMENTS MENTIONED ABOVE CLEARLY SHOW THAT THE OTHER INMATES WERE ALLOWED TO KEEP (ALLEGED) CONTRABAND NIKE LOGO TENNIS SHOES WITH/SCRIPT FROM THE UNIT DOCTOR (YET) THE PLAINTIFF WAS DENIED THAT SAME RIGHT WITH/SCRIPT FROM THE SAME UNIT DOCTOR AND SPECIAL NEEDS ORDER AS WELL. THE DOCTOR GAVE THE INMATE THE SPECIAL NEEDS ORDER & SCRIPT, SO THAT THE PLAINTIFF COULD GET HIS ORTHOPEDIC/ SOFT SOLE/ ADJUSTABLE SHOWER SHOES BACK FROM THE OFFICER WHO TOOK THEM, BECAUSE THE DOCTOR SAW THAT THE INMATE (DID INDEED) HAVE A SPECIAL NEED FOR THE SHOWER SHOES TO BE ADJUSTABLE BECAUSE OF THE SWELLING IN HIS FEET, AND THAT BECAUSE OF THE FACT THAT THE INMATE WAS INDIGENT AND HAD (NO) OTHER SHOWER SHOES AND

THE (ADC) DID NOT PROVIDE SHOWER SHOES FOR SPECIAL INMATES THAT SPECIAL EXCEPTION SHOULD HAVE BEEN MADE IN ALLOWING THE PLAINTIFF TO KEEP HIS SHOWER AND/OR THE (CMS) INFIRMARY OFFICIALS SHOULD HAVE ORDERED THE PLAINTIFF ORTHOPEDIC/ SOFT SOLE/ ADJUSTABLE SHOWER SHOES AS STATED ON THE SPECIAL NEEDS ORDER AND SCRIPT.

THE PLAINTIFF IS AWARE THAT THE DOCTOR WROTE THE SPECIAL SCRIPT WITH THE UNDERSTANDING THAT THE (ADC) OFFICIALS WOULD RETURN THE PLAINTIFF"S SHOWER SHOES (YET) LATER THE DOCTOR CALLED THE PLAINTIFF IN AND STATED (IF) THE (ADC) DID NOT RETURN THE PLAINTIFF"S SHOWER SHOES, THAT SOME SHOWER SHOES WOULD BE ORDERED FOR THE PLAINTIFF AND THE DOCTOR THEN TOOK THE PLAINTIFF"S SHOE SIZE. THE DOCTOR WHO DID THIS WAS DR. OLABODE OLUMFIN OF (CMS). A NEW DOCTOR HAS SINCE TAKEN THE ABOVE MENTIONED DOCTOR"S PLACE AND THE NEW DOCTOR HAS STATED THAT (CMS) DOES NOT SUPPLY SUCH NEEDS FOR INMATES (EVEN IF) THEY ARE INDIGENT AND (EVEN IF) THERE ARE TRUELY NEEDED AS IS IN THIS CASE.

THE MAJOR OF THE JEFFERSON REGIONAL UNIT, MR. HURST SIMPLY FIGURED THAT (IF) HE GOT THE PLAINTIFF"S COPY OF THE SCRIPT ISSUED BY THE DOCTOR, THAT THE PLAINTIFF WOULD HAVE (NO) PROOF (YET) THE PLAINTIFF UNKNOWINGLY WENT BACK TO THE INFIRMARY AND WAS GIVEN ANOTHER COPY OF HIS SCRIPT.

THE MAJOR WAS ANGRY AT THE PLAINTIFF FOR GOING OVER HIS HEAD ABOUT THE SHOWER SHOES TO THE ASST. WARDEN, MS. GASSAWAY AND THEREFORE ALLOWED THE PLAINTIFF TO BE BUSTED ON A DISCIPLINARY INWHICH THE MAJOR SHOULD HAVE INVESTIGATED AND DISMISSED ON THE GROUNDS THAT THE PLAINTIFF HAD WORKED THE NIGHT BEFORE AND (ALSO) BECAUSE THE PLAINTIFF WAS CLEARLY TAKING PSYCHOTROPHIC DRUGS.

THE PLAINTIFF AGAIN REINTERATES THE FACT THAT HIS EQUAL PROTECTION RIGHT"S WERE VIOLATED ONCE AGAIN BECAUSE OTHER INMATES WHO ARE UNDER LESS PSYCHOTROPHIC MEDICATIONS ARE NOT EVEN REQUIRED TO WORK AND (ALSO) **NO** OTHER INMATES ARE REQUIRED TO WORK **(BOTH)** NIGHT AND DAY, WHEN THERE IS ANOTHER 50 OR 60 INMATES WHO CAN DO THE SAME JOB AND (ALSO) BECAUSE THE OTHER THREE (3) INMATES WHO WORKED WITH THE PLAINTIFF ON THAT SUNDAY NIGHT WAS NOT REQUIRED TO WORK THE NEXT MORNING.

HE PLAINTIFF CONTENDS THE (CMS) STAFF AND (ADC) STAFF REFUSED HIM ADEQUATE MEDICAL TREATMENT AND WHEN HE WAS GIVEN TREATMENT BY DEFENDANT (DR. OLABODE OLUMOFIN) IN THE FORM OF A SPECIAL NEEDS ORDER & SCRIPT, THE (CMS) NURSING STAFF, MS. WILLIS, MS BRENDA BEARDON, AND THE SECURITY SUCH AS DEFENDANTS SGT. GUMM, CAPTAIN MOORE AND MAJOR HURST NOT ONLY REFUSED TO RETURN THE PLAINTIFF"S SHOWER SHOES BUT ULTIMATELY RECENDED THE DOCTOR"S SCRIPT (PER) MAJOR HURST.

FURTHERMORE, LATER DEFENDANT (ASHROF DIAB) TOOK DOCTOR OLUMOFIN"S PLACE AS DOCTOR AT THE JEFFERSON REGIONAL UNIT AND HE STATED: "THAT (CMS) **"DOES NOT"** & **"WILL NOT"** PROVIDE INMATES SHOWER SHOES EVEN WITH SPECIAL NEEDS SUCH AS THE PLAINTIFF. **(SIMPLY)** BECAUSE OF MONEY AND PROTOCALL INWHICH COMES STRAIGHT FROM ST. LOUIS MISSOURI.

THE DEFENDANTS HAVE CLEARLY VIOLATED THE PLAINTIFF"S EQUAL PROTECTION RIGHT"S WITH DISCRIMINATION IN ALLOWING OTHER INMATES SIMILAR SITUATED TO BRING IN "NIKE" "LOGO" TENNIS SHOES FROM THE FREEWORLD WITH A SCRIPT AND ANOTHER 50 to 60 INMATES TO BUY THE SAME OR SIMILAR SHOES OFF THE INMATE PEN STORE. YET, THE PLAINTIFF HAD A SCRIPT AND HE WAS DENIED THE SAME RIGHT TO KEEP HIS NIKE SHOWER SHOES (WITH SCRIPT) AND HE WAS TREATED DIFFERENTLY. (SEE) <u>SOUDER VS. MCGUIRE</u>, 516 F.2d 820,824 (3d CIR. 1975) <u>TEMPLE VS. ELLERTHORPE</u>, 586 F. SUPP. 848,851 (D.R.I. 1984) IN THE CASES ABOVE THE DISTRICT COURT PROPERLY CONCLUDED THAT THE DEPARTMENTS INDIGENCY POLICY WAS INCONSISTENT WITH CONSTITUTIONAL REQUIREMENTS STEMMING FROM **(BOUNDS N2)**

THE PLAINTIFF STATES THE DOCTOR AT JEFFERSON REGIONAL UNIT GAVE A (SPECIAL NEEDS ORDER) AND SCRIPT IN THE CASE AT CONFIRMING THAT THE PLAINTIFF NEEDED SHOWER SHOES FOR A VARIETY OF REASONS (YET) THE (ADC) REFUSED THE RETURN OF THE PLAINTIFF"S ORTHOPEDIC/SOFT SOLE/ADJUSTABLE SHOWER SHOES.

FURTHERMORE, THE (ADC) OFFICIALS AT THE JEFFERSON REGIONAL UNIT DISCRIMINATING BY ALLOWING SEVERAL OTHER INMATES TO KEEP FREEWORLD "NIKE" TENNIS SHOES AND TO SINGLE OUT THE PLAINTIFF AND DENY HIM THE SAME RIGHT BY SIMPLY SAYING THE "LOGO" "NIKE" IS AGAINST POLICY AND AN INMATE WHO WORKS IN THE FRONT OFFICE HAS A PAIR OF NIKE SHOWER SHOES JUST LIKE THE PLAINTIFF"S HAS "NO" SCRIPT AND YET, HE IS ALLOWED TO KEEP HIS SHOWER SHOES.

THE PLAINTIFF CONTENDS (IF) THE "NIKE" "LOGO" IS INDEED CONTRABAND AND/OR IS AGAINST POLICY THEN (ALL) "NIKE" SHOES INCLUDING THE ONES SOLD ON THE PEN STORE WOULD BE AGAINST POLICY.

THE PLAINTIFF ALSO CONTENDS THAT THE DOCTOR (DR. OLABODE OLUMOFIN) WROTE THE PLAINTIFF A (SPECIAL NEEDS ORDER & SCRIPT) AND IN DEFENDANTS (MAJOR HURST) OWN WORDS HE STATED: " THAT HE GAVE MY SCRIPT TO MS. BRENDA BEARDON WHO RECENDED THE PLAINTIFF"S SCRIPT!!! A BUSINESS ADMINISTRATOR RECENDS A MEDICAL DOCTOR"S (SPECIAL NEEDS ORDER & SCRIPT) FOR THE PLAINTIFF. THE PLAINTIFF IS BEING FORCED TO TAKE SHOWER"S NOW WITHOUT ANY SHOWER SHOES ON THE NASTY FLOOR. THE PLAINTIFF"S FUNGAL INFECTION AND SWELLING HAS GROWN WORSE (YET) THE PLAINTIFF"S DUE DELEGENT TRIES TO GET MEDICAL TREATMENT AND SHOWER SHOES HAVE BEEN MET WITH RETALIATION FROM THE INFIRMARY STAFF, MS. GUMM, AND THE (ADC) STAFF.

THE (ADC)DOES PROVIDE SUCH INDIGENCY ITEMS AS SOAP, DEODERANT, TOOTHBRUSH, ECT... YET, FORCES INDIGENT INMATES TO PROVIDE THEIR OWN SHOWER SHOES. IN THE PLAINTIFF"S CASE HE HAD A PAIR AND YET, THE (ADC) STAFF TOOK THEM AND FORCED THE PLAINTIFF TO TAKE A SHOWER (WITHOUT) SHOWER SHOES **(ULTIMATELY)** MAKING THE PLAINTIFF"S FUNGAL INFECTION TO GROW WORSE.

MS. BRENDA BEARDON, (MEDICAL ADMINISTRATOR) OF THE JEFFERSON REGIONAL UNIT IS NAMED AS A DEFENDANT BECAUSE NOT ONLY WAS SHE PERSONALLY INVOLVED IN THE VIOLATIONS OF THE PLAINTIFF"S RIGHT"S (BUT) SHE IS THE ONE WHO RECENDED THE PLAINTIFF"S SCRIPT. SHE IS ALSO THE POLICY MAKER FOR THIS UNIT AND DEFENDANT (MICHEAL PFIEFFER) IS THE POLICY MAKER FOR (ALL) (CMS) AND IS DIRECTLY RESPONSABLE FOR (ALL) THE POLICIES, PROTOCALL AND ECT... FOR THE CORPORATION (CMS) CORRECTIONAL MEDICAL SERVICES.

## " <u>LAUNDRY</u> "

**THE PLAINTIFF ALSO CONTENDS THAT THE JEFFERSON REGIONAL UNIT DOES NOT PROVIDE INMATES WITH ADEQUATE LAUNDRY SERVICE** AND (ALL) INMATES ARE FORCED TO DO LAUNDRY IN SINKS INWHICH THEY ARE ALSO FORCED TO TAKE CARE OF SUCH TOILETRY ITEMS AS BRUSHING THEIR TEETH, WASHING THEIR FACE AND ALSO WASHING EATING BOWLS ECT...

INMATES ARE NOT GIVEN ANY TYPE OF BLEACH AND ONLY USE REGULAR LYE SOAP INWHICH TO WASH THEIR PERSONAL LAUNDRY SUCH AS BOXERS, UNDERWEAR, T-SHIRTS, AND SOCKS. THIS ACTION COMPOUNDS THE FACT THAT THE PLAINTIFF IS BEING REQUIRED TO TAKE A SHOWER WITHOUT SHOWER SHOES, WITHOUT THE PROPER LAUNDRY SERVICE HIS SOCKS DON"T GET CLEANED PROPERLY AND CREATE CLEARLY UNSANITARY CONDITIONS THAT WORSENS THE PLAINTIFF"S CONDITIONS. IT ALSO CREATES UNSAFE AND SANITARY CONDITIONS FOR THE OTHER MENTIONED USES SUCH AS BRUSHING TEETH AND WASHING EATING UTENSILS.

(SEE) <u>DIVERS VS. DEPT. OF CORRECTIONS</u>, 921 F. 2d 191,194 (8th CIR 1990) <u>TOUSSAINT VS. RUSHEN</u>, 553 F. SUPP. 1365,1385 (N.D. CAL 1983) ( ADEQUATE LAUNDRY FACILITIES REQUIRED AND LACK OF REGULAR LAUNDRY SERVICE IS UNCONSTITUTIONAL)

## " <u>DENIAL OF MEDICAL TREATMENT</u> "

THE PLAINTIFF HAS FILED GRIEVANCE AFTER GRIEVANCE CONCERNING THE RETURN OF HIS SHOWER SHOES, UNSANITARY CONDITIONS AND BEING FORCED TO SHOWER WITHOUT SHOWER SHOES

THE PLAINTIFF CONTENDS THAT IT"S CAUSED HIS FUNGAL INFECTION TO GROW WORSE AND EVEN CRACK AND BLEED. THE INFIRMARY HAS GIVEN HIM TOPICAL CREAMS SUCH AS FOOT MEDICATIONS ECT... YET, WITHOUT SHOWER SHOES IT IS CREATING UNSAFE CONDITIONS FOR THE PLAINTIFF AND DOES NOT SOLVE HIS MEDICAL PROBLEMS. THE (CMS) STAFF, INFIRMARY MANAGER, MEDICAL ADMIN., AND EVEN THE NEW DOCTOR (PER) POLICIES SET BY DEFENDANTS (MICHEAL PFIEFFER & BRENDA BEARDON) THE PLAINTIFF HAS GONE TO THE DOCTOR (ASHROF DIAB) WHO STATED THAT PER (CMS) POLICIES AND PROTOCALL THEY "DID NOT AND "WILL NOT" PROVIDE SHOWER SHOES OF ANY TYPE FOR INDIGENT INMATES. THIS IS A VIOLATION OF THE PLAINTIFF"S OWN MEDICAL NEEDS AGREED TO BY THE PREVIOUS DOCTOR (DR. OLEBODE OLUMOFIN) PRIOR TO HIS LEAVING THE UNIT IN THE FORM OF THE SPECIAL NEEDS ORDER & SCRIPT DATED SEPTEMBER 16th, 2003.

(SEE) <u>ESTELLE VS. GAMBLE</u>, 429 U.S. 97, 102-03, 50 L. ED 2d 251, 97 S.CT. 285 (1986) <u>DESHANEY VS. WINNEBAGO COUNTY</u>, 489 U.S. 189

**INDIFFERENCE MAY BE "MANIFESTED"** BY PRISON DOCTORS IN THEIR RESPONSES TO THE PRISONER"S NEEDS AND/OR BY PRISON GUARDS IN INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL OR **INTENTIONALLY INTERFERING WITH TREATMENT ONCE PRESCRIBED.**
(SEE) <u>ESTELLE VS. GAMBLE</u>, 429 U.S. AT 104-05;see e.g., <u>WILLIAMS VS. VINCENT</u>, 508 F.2d 541 (2d Cir. 1974)

THE PLAINTIFF CONTENDS THAT EVEN ONE ISOLATED FAILURE TO TREAT, WITHOUT MORE, WHILE ORDINARILY NOT ACTIONABLE, MAY IN FACT RISE TO THE LEVEL OF A CONSTITUTIONAL VIOLATION IF THE SURROUNDING CIRCUMSTANCES SUGGEST A DEGREE OF DELIBERATENESS, RATHER THAN INADVERTENCE, IN THE FAILURE TO RENDER MEANINGFUL TREATMENT. <u>GILL VS. MOONEY</u>, 824 F.d 192,196 (2d Cir. 1987) A SIGNIFICANT DELAY IN TREATMENT MAY ALSO CONSTITUTE A VIOLATION UNDER THE EIGHTH AMENDMENT, A PATTERN OF OMISSION MAY PERMIT THE INFERENCE OF SUCH **"DELIBERATE UNCONCERN FOR PLAINTIFF"S WELFARE"** AND THAT EVIDENCE OF **"GROSS NEGLIGENCE"**-- ALTHOUGH NOT EQUILALENT TO **"DELIBERATE INDIFFERENCE"** -- CREATES A STRONG PRESUMPTION OF DELIBERATE INDIFFERENCE. <u>DOE VS. NEW YORK CITY DEPT. OF SOCIAL SERVICES</u>, 649 F.2d 134, 143-45 (2d Cir. 1981)(SEE ALSO) <u>BASS VS. JACKSON</u>, 790 F.2d 260,263 (2d Cir. 1986) AND <u>ARCHER VS. DUTCHER</u>, 733 F. 2d 14,16 (2d Cir. 1984)( WERE A FIVE (5) HOUR DELAY CAN CONSTITUTE VIOLATION.

## " <u>ACCESS TO THE COURTS</u> "

THE PLAINTIFF HAS REQUESTED COPIES OF MOTIONS AND WAS TOLD THAT (IF) HE DID NOT HAVE MONEY ON THE BOOKS THAT THEY DID NOT PROVIDE COPIES. THEY STATED THAT THEY PROVIDED CARBON PAPER FOR SUCH PURPOSES AND THAT IS THE ONLY WAY THAT INMATES COULD MAKE COPIES WITHOUT PAYING FOR THEM. THE PLAINTIFF SIGNED REQUEST FOR LEGAL MATERIALS PEN, PAPER, ENVELOPES ECT... AND YET, THE CLERK, (INMATE STUART) CALLED HIMSELF GOING TO RUN THE LAW LIBRARY AS HE SAW FIT, CONSERVING THE MATERIALS FOR HIMSELF AND HIS BUDDIES.

THE PLAINTIFF THEN REQUESTED COPIES OF HIS LEGAL WORK AND THE SUPERVISOR STATED THAT IF HE DID NOT HAVE MONEY HE COULD NOT GET ANY COPIES. THE PLAINTIFF THEN BROUGHT IT TO MS. JOHNSON"S ATTENTION THAT (PER) ADMINISTRATIVE DIRECTIVE 97-08, HE SHOULD BE ABLE TO GET ONE (1) COPY OF EACH GRIEVANCE INWHICH HE WANTED TO PRESENT IN HIS 1983 CIVIL COMPLAINT AND YET, SHE SAID THEY NO LONGER WERE REQUIRED TO SUPPLY INMATES WITH ANY TYPE OF COPIES PERIOD. THEREFORE, THE ONLY COPIES THE PLAINTIFF HAS IS UNACKNOWLEGED GRIEVANCES AND WHAT FEW LETTERS, REQUEST FOR INTERVEIWS, AND ECT... THAT THE PLAINTIFF HAS IN HIS POSSESSION.

THE PLAINTIFF HAS APPEALED TO THE DEPUTY ASST. DIRECTOR"S (DAY HOBBS) AND (MAJ. MORLEY) CONCERNING THESE GRIEVANCES AND CLAIMS WITH "NO" RESPONSE IN THE REQUIRED TIME LIMITS. THE (ADC) IS REFUSING ME COPIES, RESPONSES AND THEREFORE ALLOWING THE DISCRIMINATION TO CONTINUE, AS WELL AS THE DENIAL OF LEGAL MATERIALS, ACCESS TO THE COURTS, ECT...

(SEE) <u>BOUNDS VS. SMITH</u>, 430 U.S. 817,821 97 S. CT. (1977)
<u>DEMALLORY VS. CULLEN</u>, 855 F.2d 442,447 (7th Cir. 1988)

(THE SUPREME COURT HELD THAT "THE FUNDAMENTAL CONSTITUTIONAL RIGHT"S OF ACCESS TO THE COURTS" REQUIRES THAT THE STATE PROVIDE **"ADEQUATE LAW LIBRARIES AND ADEQUATELY "TRAINED" PERSONS** IN THE LAW LIBRARY INWHICH TO SATISFY AT LEAST REASONABLE ACCESS TO THE COURT)

THE PLAINTIFF (ALSO) AGREES THAT THE LEGAL TRAINING OF AN INMATE CLERK DOES NOT HAVE TO BE EXTENSIVE **(YET) IN BOUNDS**, DOES REQUIRE THAT INMATES BE PROVIDED THE LEGAL ASSISTANCE OF PERSONS WITH AT LEAST SOME TRAINING IN THE LAW, AND MOST DEFINATELY THAT PERSON WOULD HAVE TO AT LEAST HAVE A HIGH SCHOOL EDUCATION AND/OR IT"S EQUILIENCY.

THE STATE MAY CLAIM THAT THEY PROVIDE A INMATE ATTORNEY (YET) THE INMATE ATTORNEY IS LEGALLY BOUND TO THE (ADC) AND CAN NOT GIVE AN INMATE ANY ADVICE CONCERNING LAW SUITS AGAINST THE (ADC) AND/OR IT"S CONTRACTERS BEING (CMS).

INMATE STUART IS PRESENTLY GOING TO SCHOOL IN THE A.M. AND WORKING IN THE LAW LIBRARY ON THE WEEK ENDS AND AFTERNOONS, AND IS NOT IN ANY WAY, SHAPE OR FORM COHERENT IN THE LAW.

(SEE) <u>SANDS VS. LEWIS</u>, 886 F. 2d 1166,1171 (9th Cir 1989) (AND ALSO)
<u>WOODS VS. HOUSEWRIGHT</u>, 900 F. 2d 1332, 1335 (9th Cir. 1990)

THE PLAINTIFF WROTE GRIEVANCES ABOUT THE SUPPLIES AND ALSO TALKED TO MS. DEFENDANT (MS. JOHNSON) THE ACTING A.R.O. AND LAW LIBRARY SUPERVISOR ABOUT THE DISCIMINATION THAT IS GOING ON WITH INMATE STUART TOWARD WHITE INMATES WHO ARE NOT IN HIS LITTLE CLICK. THE PLAINTIFF CONTENDS THE (ADC) LAW LIBRARY SUPERVISOR (MS. JOHNSON) HAS ALLOWED THIS TREATMENT TO GO ON IN THE (ADC) JEFFERSON REGIONAL UNIT. THE LAW LIBRARY CLERK (INMATE STUART) IS IN THE LAW LIBRARY AND DOES NOT EVEN HAVE A HIGHSCHOOL DIPLOMA, G.E.D. AND/OR HIGH SCHOOL EQUIVLENCY. HE HAS "NO" LAW LIBRARY EXPERIENCE AND HE IS CONSTANTLY HARRASSING (WHITE) INMATES. THIS INMATE KNOWS THAT THE PLAINTIFF HAS GONE TO THE ASST. WARDEN JERRI GASSAWAY & MS. JOHNSON MADE THEM BOTH AWARE OF THE TREATMENT INWHICH HE HAS BEEN RECIEVING (PER) INMATE STUART.

THE ASST. WARDEN TOLD ME TO TALK TO THE LAW LIBRARY SUPERVISOR AND I DID THIS THREE (3) DIFFERENT TIMES (YET) NEVER WAS ANYTHING DO ABOUT IT. THE PLAINTIFF ALSO PUT IN REQUEST FOR LAW LIBRARY MATERIALS TWO (2) OR THREE (3) TIMES (MS. JOHNSON) STATED SHE SIGNED SOME REQUEST FOR HIM (YET) THE PLAINTIFF NEVER RECIEVED THEM. THE PLAINTIFF TALKED TO THE OTHER CLERK E. JOHNSON WHO STATED HE SAW THE REQUEST INWHICH HAD BEEN APPROVED (YET) THEY WERE NOT THERE ANY MORE. THEN SEVERAL INMATES WHO STATED THE WOULD TESTIFY AS TO WHAT THEY HEARD. SAID THEY HEARD INMATE STUART BRAGGING THAT HE HAD THROWN MY REQUEST IN THE TRASH AND THAT I WASN"T GETTING SHIT FROM HIM WHILE HE WAS IN THE LAW LIBRARY. I BROUGHT THIS TO MS. JOHNSON"S ATTENTION AND SHE STATED THAT THERE WAS NOTHING SHE COULD DO ABOUT IT. THAT SHE DID NOT PUT INMATE STUART IN THE LAW LIBRARY AND SHE COULD NOT TAKE HIM OUT. THE PLAINTIFF THEN TOLD THE ASST. WARDEN ABOUT THIS TREATMENT AND SHE SAID, "TALK TO MS. JOHNSON." I TOLD HER ABOUT THE GRIEVANCES AND SHE STATED THAT SHE WOULD LOOK INTO IT JUST AS SHE SAID SHE WOULD LOOK INTO THE SHOWER SOES INCIDENT.

THE PLAINTIFF IS BRING THE CLAIMS OF DENIAL TO ACCESS TO THE COURTS. (PER) DISCRIMINATION (PER) THE INMATES CLERK STUART, DENIAL OF SUPPLIES SUCH AS PEN, PAPER, AND TYPING PAPER. THE PLAINTIFF STATES THAT IT IS A VIOLATION OF HIS RIGHT"S TO ALLOW THIS INMATE TO DISCRIMINATE AGAINST HIM AND DO NOTHING ABOUT IT. THE PLAINTIFF ALSO FEELS THAT IT HAS BEEN COMPOUNDED BY DEFENDANT (MS. JOHNSON) BECAUSE SHE SERVES AS A DUAL LAW LIBRARY CLERK AND ACTING A.R.O. GRIEVANCE OFFICER. THAT WOULD EXPLAIN WHY THE PLAINTIFF HAS NEVER RECIEVED ANY RESPONSES FROM MS. JOHNSON (YET) HE HAS NEVER RECIEVED ANY RESPONSE FROM ASST. WARDEN GASSAWAY OR ANYONE ELSE.

THE PLAINTIFF ALSO CONTENDS (IF) THE (ADC) OFFICIALS AND STAFF SET ADMINISTRATIVE REGULATIONS AND ADMINISTRATIVE DIRECTIVES INWHICH FOR INMATES AND OFFICERS TO FOLLOW. THE MUST FOLLOW THOSE RULES AND REGULATIONS THEM SELVES. YET, (ADC) POLICY IS DO AS I SAY AND NOT AS I DO!!!

THEY HAVE RULES AND REGULATIONS BUT ONLY APPLY THEM WHEN IT"S GOOD FOR THE INSTITUTION AND/OR (ADC). THE PHOTO COPYING RULE IN THE A.D. 97-08 STAES: "THEY WILL PROVIDE ONE COPY OF (EACH) GRIEVANCE INWHICH IS PART OF THE PLAINTIFF"S CLAIMS (YET) THE PLAINTIFF CAN NOT EVEN GET THE (ADC) AND IT"S OFFICIALS TO RESPOND TO ANY OF HIS APPEALS.

THEY HAVE REFUSED THE PLAINTIFF ANY COPIES, UNLESS HE HAS MONEY AND THE PLAINTIFF IS INDIGENT AND HAS NOT HAD ONE (1) PENNY ON HIS BOOKS WHILE IN THE (ADC). THE CHARGING OF MONEY FOR COPIES, WHEN AN INMATE IS INDIGENT IS UNCONSTITUTIONAL AND VIOLATES THE PLAINTIFF"S ACCESS TO THE COURTS, AS WELL AS (ADC) POLICY A.D. 97-08.

(SEE) <u>JOHNSON VS. MOORE</u>, 926 F. 2d 921,925 (9th Cir. 1991) <u>JOHNSON VS. PARKE</u>, 642 F.2d 377,380 (10th Cir. 1981) (THE COURTS STATED THAT THE INSTITUTION DID NOT HAVE TO PROVIDE UNLIMITED PHOTOCOPYING (YET) THE COURT FINDS IT WOULD BE "NEEDLESSLY DRACONIAN" TO REQUIRE INMATES TO COPY ALL DOCUMENTS BY HAND) AND THE PLAINTIFF CONTENDS IT WOULD BE IMPOSSIBLE IN SUCH CASES AS WHEN EXHIBITS AND/OR COPIES OF GRIEVANCES ARE REQUIRED.

## " <u>RETALIATION, REPRISALS AND/OR DISCRIMINATION</u> "

THE PLAINTIFF CONTENDS THERE IS MANY TYPES OF RETALIATION GOING ON AT THE JEFFERSON REGIONAL UNIT AND HE HAS & IS SUFFERING CONSTANT RETALIATION FOR LEGAL ACTIVITIES AND THE USE OF THE GRIEVANCE PROCEDURES WHILE AT THIS UNIT.

THE PLAINTIFF WAS RETALIATED AGAINST BY SGT. GUMM SIMPLY BECAUSE H WENT OVER HER HEAD INWHICH TO GET HIS SHOWER SHOES BACK, SHE TOOK IT PERSONAL AND THEN CALLED HIM OUT TO WORK, WAS REQUIRED TO WORK FROM 7:00 P.M. TO LATE THE NEXT MORNING, THE PLAINTIFF THEN TOOK HIS PSYCHOTROPHIC MEDS AT 5:15 A.M. AND THEN WAS WOKE UP AT 6:15 A.M. AND WAS REQUIRED TO WORK AGAIN. THE PLAINTIFF WAS THE (ONLY) INMATE OF THE FOUR CALLED OUT THE NIGHT BEFORE AND WAS WRITTEN A DISCIPLINARY FOR REFUSAL TO WORK. MS. GUMM REFUSED TO GIVE THE PLAINTIFF A STATEMENT AND THE (CMS) INFIRMARY STATED THAT MS. JENKINS CANE INTO THE INFIRMARY TO GET A STATEMENT ABOUT WHAT TYPE OF MEDICATIONS THE PLAINTIFF WAS ON AND THEY SAID THAT I WASN"T ON ANYTHING TO CAUSE DROWSINESS.

THE PLAINTIFF CLEARLY TAKES (PSYCHOTROPHIC) MEDICATIONS SUCH AS ZOLOFT AND SEROQUEL 300 mg INWHICH CAUSES SEVERE DROWSINESS. THE PSYCHOLOGIST AND PSYCHO DOCTOR WAS NEVER CALLED AND THE OFFICIALS AT THE JEFFERSON REGIONAL UNIT ARE AWARE OF THIS. IT IS SIMPLY A TACTIC OF HARRASSMENT, RETALIATION AND DISCRIMINATION FOR LEGAL ACTIVITIES USAGE OF THE GRIEVANCE PROCEDURES AND BASICALLY NOT GOING ALONG WITH THE PLAN.

OTHER DISCRIMINATION OS OF ALLOWING INMATES TO HAVE SHOWER SHOES EXACTLY LIKE MINE WITH A NIKE LOGO ON THEM, YET, BECAUSE THEY WORKED IN THE FRONT OFFICE, THEY ARE ALLOWED TO KEEP THEIR SHOES. THEN ALSO THE PEN STORE SELLS NIKE LOGO TENNIS SHOES AND SEVERAL INMATES ARE ALLOWED TO KEEP THEIR SHOES WITHOUT A SCRIPT AND FREEWORLD TENNIS SHOES WITH SCRIPT AND YET, THE PLAINTIFF HAD A SCRIPT FROM THE DOCTOR AT THIS UNIT AND HE WOULD TREATED DIFFERENTLY AND TOLD HE COULD NOT HAVE THOSE SHOWER SHOES, DEPITE A SPECIAL NEEDS SCRIPT AND ORDER. THEN THE MAJOR SAYS THAT DEFENDANT, BEARDON RECENDED THE PLAINTIFF"S SCRIPT AND SPECIAL NEEDS ORDER. MS. BEARDON IS NOT A DOCTOR AND YET, SHE WAS PERSUADED BY THE MAJOR TO RECEND THE DOCTOR"S SCRIPT. MS. BEARDON IS NOT QUALIFIED TO RECEND A SCRIPT FROM THE DOCTOR AND THE PLAINTIFF LATER WENT TO THE INFIRMARY AND WAS TOLD THAT NO ONE HAD RECENDED THE SCRIPT. THEREFORE PROVING THE MAJOR LIED TO THE PLAINTIFF.EVEN IF, THE INFIRMARY MANAGER DID RECEND THE SLIP, SHE IS A BUSINESS MANAGER AND IS UNQUALIFIED TO RECEND THE PLAINTIFF"S SCRIPT WITHOUT THE DOCTOR"S PERMISSION.THE INFIRMARY THEN STATES THEY ARE NOT GOING TO BUY THE PLAINTIFF THE SHOWER SHOES THEY ADMIT HE NEEDS AND HAS A SPECIAL NEED FOR. THE INFIRMARY THEN ALSO DENY OTHER THINGS SUCH AS DANDRUFF SHAMPOO, TENNIS SHOES INWHICH ARE ORTHOPEDIC ECT... AS WELL AS MEDICATIONS FOR THE PLAINTIFF"S BACK PROBLEMS SUCH AS ROBAXIN, NAPERSYN ECT... THIS IS FURTHER RETALIATION FOR LEGAL ACTIVITIES AND USING THE GRIEVANCE PROCEDURE. AS WELL AS DISCRIMINATION AND VIOLATIONS OF THE PLAINTIFF"S EQUAL PROTECTION RIIGHT"S. FURTHERMORE THE DISCIPLINARY THAT BUST THE PLAINTIFF IS ALSO VIOLATION OF THE PLAINTIFF"S EQUAL PROTECTION RIGHT"S AND DUE PROCESS RIGHT"S BECAUSE THEY ALLOW OTHER INMATES TAKING SIMILAR MEDS TO BE EXEMPT FROM WORK. THANKS FOR YOUR TIME AND EFFORT IN THIS MATTER

RESPECTFULLY SUBMITTED,

PLAINTIFF, PRO SE